972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles F. RUGGLES; Blanche Ruggles, Plaintiffs-Appellants,
v.
T.H. INGRAM; J. Wann; P.A. Nemeth; N. Anderson; E.A.
Traboulay, Jr.; Cindy Pank; County of Riverside,
Defendants-Appellees.
 No. 91-55884.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 17, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles and Blanche Ruggles (hereinafter collectively referred to as "Ruggles") appeal the district court's dismissal of their pro se complaint against the County of Riverside and certain named individuals. The complaint alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. After providing Ruggles an opportunity to amend his complaint, the court found that Ruggles's first amended complaint still failed to state a claim, and it dismissed the amended complaint with prejudice.[1] We affirm.
 
 DISCUSSION
 
 3
 The district court did not err in dismissing Ruggles's amended complaint. The court noted the deficiencies in the first complaint and granted Ruggles leave to amend to cure the deficiencies. Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir.1987). Ruggles's amended complaint failed to cure the deficiencies. He has failed to state a RICO claim against the County or any of the individual defendants.
 
 
 4
 A person has not violated the RICO statute unless he has engaged in a "pattern of racketeering activity." 18 U.S.C. 1962. "Racketeering activity" is defined as any of number of "predicate acts" listed in 18 U.S.C. § 1961. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 232, 109 S.Ct. 2893, 2897, 106 L.Ed.2d 195 (1989). There are five sets of predicate acts. First, there are certain listed crimes that are felonies under state law and are punishable by more than one year imprisonment. 18 U.S.C. § 1961(1)(A). Practicing civil engineering without legal authorization is not one of the listed state offenses, and is not a felony punishable by more than one year in prison. See Cal.Bus. & Prof.Code § 6787(a) (practicing civil engineering without legal authorization is a misdemeanor punishable by a fine of no more than $500 or imprisonment of three months). Another set of predicate acts is those which are indictable under certain enumerated provisions of Title 18 of the United States Code. 18 U.S.C. § 1961(1)(B). Mail fraud is an enumerated predicate act. Ruggles's complaint alleges that defendants engaged in mail fraud.
 
 
 5
 Ruggles, however, has failed to allege sufficient facts to establish mail fraud. First, there is no specific requirement that members of local planning departments be registered civil engineers. See Cal.Gov't Code § 65100 et seq. Moreover, it is not the case that a person charged with reviewing land use plans and issuing permits "practices civil engineering" as the term is defined in Cal.Bus. & Prof.Code § 6734. One practices civil engineering "when he professes to be a civil engineer or is in responsible charge of civil engineering work." Cal.Bus. & Prof.Code § 6734. While one California court has noted that the statutory definition of "civil engineer" is "opaque," Professional Engineers in California Government v. State Personnel Bd., 70 Cal.App.3d 346, 350, 137 Cal.Rptr. 110 (1977), that court found that because of its duties the position of "resident engineer" in the state Department of Transportation did not require that the holder of the position be a registered civil engineer. See also Hard v. County of Plumas, 35 Cal.2d 577, 580-81, 220 P.2d 2 (1950) (county road commissioner not required to be a registered civil engineer where statute permitted the appointment of a registered civil engineer or a person found by the county board of supervisors to be competent, although not registered). In both of those cases, the courts found that it was not necessary for a person to be a registered civil engineer, even though he might design or construct public works. Here, on the other hand, the County employees are engaged in a lesser task. They are merely reviewing plans submitted by others. They exert no authority to design or build any projects. They are not in "responsible charge of civil engineering work," although they might prevent work from going forward. Thus, the County employees were not engaged in the unlawful practice of civil engineering, and they did not "devise any scheme or artifice to defraud" or make "false or fraudulent pretenses, representations or promises" to third parties. 18 U.S.C. § 1341. See also United States v. Halbert, 640 F.2d 1000, 1007 (9th Cir.1981) (mail fraud offense not committed unless defendant engages in a "scheme or artifice to defraud" and obtains money by false or fraudulent representations).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The caption of the district court's dismissal order states that it is a dismissal under Fed.R.Civ.P. 4(j), not Fed.R.Civ.P. 12(b)(6). This was clearly a typographical error. The order states that the court was dismissing the complaint for failure to state a claim pursuant to Rule 12(b)(6) and the court's denial of Ruggles's motion to reconsider reaffirms that reasoning