945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald "Carnie" CATO, Plaintiff-Appellant,
v.
CITY OF SAN DIEGO, Defendant-Appellee.
 No. 91-55155.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 25, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Cato appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). We review de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and vacate and remand.
 
 
 3
 Dismissal for failure to state a claim is appropriate only if the plaintiff "can prove no set of facts which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). The allegations in the complaint are taken as true and are construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). Moreover, in civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). A district court must afford a pro se plaintiff notice of the deficiencies of the complaint and an opportunity to amend prior to dismissal unless it is absolutely clear that the deficiencies of the complaint cannot be cured. Noll, 809 F.2d at 1448.
 
 
 4
 In his complaint, Cato alleges that he was deprived of due process when A to Z Towing Company, an independent contractor, wrongfully sold his car in a lien sale. Cato argues that because "A to Z Towing was acting under authority of the city of San Diego's Police Department, the city is liable for damages incurred."
 
 
 5
 To the extent that Cato's allegations against the City are based on a theory of respondeat superior, municipalities cannot be found liable under section 1983. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-94 (1978); Gobel v. Maricopa County, 867 F.2d 1201, 1206 (9th Cir.1989). Construing the allegations in his complaint liberally, however, Cato may be able to amend his complaint to state a Monell claim against the city by alleging that the injuries were inflicted pursuant to an official governmental policy or custom. See Gobel, 867 F.2d at 1206. Moreover, Cato alleges that the towing company acted under the authority of the police department, which suggests that the towing company's conduct may rise to the level of state action. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Given these circumstances, the district court should have given Cato the opportunity to amend his complaint to allege a Monell claim against the City, and to add ABC Towing Company as a defendant. See Noll, 804 F.2d at 448.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3