946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Oren ANDERSON, Plaintiff-Appellant,
v.
Ron ANGELONE, Defendant-Appellee.
 No. 90-16667.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 9, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Anderson, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and vacate and remand.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id. In civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally and to afford plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Here, Anderson's complaint alleges that he was wrongfully charged for photocopying and postage for his legal mail. The district court found that Anderson's complaint failed to state a claim cognizable under section 1983. The district court dismissed Anderson's complaint and entered judgment in his action without giving Anderson notice of the deficiencies in his complaint or opportunity to amend.
 
 
 5
 Because it is not absolutely clear that Anderson could not amend his complaint to state a claim under section 1983, we vacate and remand. Although inmates have no constitutional right to free photocopying, an inmate can state a claim for which relief can be granted if the inmate alleges an actual injury consisting of some specific instance in which he or she was denied access to the courts. See Johnson v. Moore, 926 F.2d 921, 925 (9th Cir.1991); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Further, to ensure that indigent inmates have meaningful access to the courts, they must be provided with postage stamps at state expense to mail legal documents. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987). Anderson should have been given notice of the deficiencies in his complaint and the opportunity to amend. See Noll, 809 F.2d at 1448.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ordinarily, an order dismissing a complaint but not the underlying action is not a final, appealable order under 28 U.S.C. § 1291. Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171-72 n. 1 (9th Cir.1984). An exception to this rule applies, however, when it appears that the district court intended to dispose of the action. Id. Here, it appears that the district court intended to dismiss Anderson's entire action. Thus, we have jurisdiction over this appeal