962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence C. KRAIN, M.D., Plaintiff-Appellant,
v.
Ronald M. GEORGE, Hon.; Laughlin Waters, Hon., U.S.
District Judge; George Deukmajian, Governor;
John Davies; Ralph Geffen, Defendants-Appellees.
 No. 91-15834.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence C. Krain, M.D., appeals pro se the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his 42 U.S.C. § 1983 action against three federal judges, a state judge, and the former governor of California, George Deukmajian. Krain alleges that (1) the defendants conspired to obstruct his pursuit of suits in the Central District of California and in the California Court of Appeal because he is Jewish and (2) Deukmajian, while the state attorney general, filed false charges against him that were subsequently dismissed. As relief, he sought damages and an injunction preventing the defendants from presiding over any of his cases and from "giving out any privileged information" about him. We review de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm.
 
 
 3
 The district court properly determined that former Governor Deukmajian is absolutely immune from suit under section 1983 for his actions as the state attorney general "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Similarly, the judges are absolutely immune for section 1983 liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 386 (1978); accord Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir.1986) (en banc). Krain's vague and conclusory allegations of Deukmajian's alleged conspiracy with the judges were insufficient to withstand the defendants' motion to dismiss. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). The district court also properly denied Krain's request for injunctive relief because Krain did not state a claim regarding either a present constitutional violation or the threat of a future violation. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Finally, the district court did not err by denying Krain leave to amend his complaint because amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Krain's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3