967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald L. ADAMS, Plaintiff-Appellant,
v.
James ROWLAND, Director California Department of
Corrections; Charles D. Marshall, Defendants-Appellees.
 No. 91-16168.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald L. Adams, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim and on summary judgment grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review both claims de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.[1]
 
 
 3
 * Dismissal for Failure to State a Claim
 
 
 4
 Adams's amended complaint alleged that prison officials denied him due process by placing him in solitary confinement without cause or a proper hearing. The district court dismissed the complaint after finding that it failed to state a claim upon which relief could be granted.
 
 
 5
 Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448, (9th Cir.1987).
 
 
 6
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parrat v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 7
 Although the constitution does not protect a prisoner from being placed in solitary confinement, prison officials may not place a prisoner in isolation without fulfilling certain due process requirements. Toussaint v. McCarthy, 801 F.2d 1080, 1098 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Prisoners retain a constitutional right to due process, subject to the restrictions imposed by the nature of the penal system. Wolf v. McDonnell, 418 U.S. 539, 556 (1974).
 
 
 8
 Here, according to the documentation attached to Adams's complaint, his transfer to a more restrictive unit was the result of his own past behavior, his refusal to voluntarily participate in the drug testing/treatment program, and his previous disciplinary problems. Furthermore, the record discloses that Adams did attend a pre-transfer hearing where he was informed of the reasons for the transfer and the subsequent change in his classification status. Adams was then given the opportunity to appeal his transfer and classification status and was also given another hearing in which to contest the initial transfer.
 
 
 9
 Under these circumstances, Adams has failed to provide facts sufficient to support his allegation that his transfer violated due process. See Wolf, 418 U.S. at 556; Toussaint, 801 F.2d at 1098. Moreover, Adams had already been given notice of the deficiencies and an opportunity to amend his complaint and it was clear that further amendment could not clear the deficiencies. See Noll, 809 F.2d at 1448. Accordingly, the district court properly dismissed Adam's due process claim for failure to state a claim.
 
 II
 Summary Judgment
 
 10
 Adams contends that the defendants' inadequate treatment of his medical and psychiatric needs constitutes cruel and unusual punishment in violation of the eighth amendment. Specifically, he contends defendants (1) failed to provide him with a low-fat diet to treat his hypertension; (2) failed to take diagnostic X-rays after he fell and injured his head and back; and (3) refused to provide him with psychotherapy for his psychiatric complaints.
 
 
 11
 "In order to state a cognizable [civil rights] claim, a prisoner must allege acts or admissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; inadequate treatment due to negligence or inadvertence, or differences in judgment between an inmate and medical personnel do not constitute cruel and unusual punishment. Id.; Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).
 
 
 12
 Here, Adams does not allege that he was denied access to medical care, or that the medical staff was incompetent. The affidavits of the treating physician disclose that Adams was (1) given medication to treat his blood pressure and hypertension; (2) examined by the medical staff after his head injury occurred and was told to notify the medical clinic if he had any further symptoms; (3) prescribed pain medication for his back complaint; and (4) treated for auditory hallucinations with psychotropic medications after the treating physician concluded that Adams's condition was organic, the result of PCP use, and therefore would be unresponsive to psychotherapy.
 
 
 13
 Adams's claim therefore is based on a disagreement over the course of treatment chosen by prison physicians. A mere difference of opinion between a prisoner and medical staff over the recommended course of treatment, however, is not actionable. See Franklin, 662 F.2d at 1344. Accordingly, the district court properly granted summary judgment in favor of the defendants on Adams's eighth amendment claim.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his original complaint filed on June 20, 1990, Adams (1) alleged a due process violation; (2) requested four temporary restraining orders (TRO); and (3) asserted that prison officials were deliberately indifferent to his medical needs. On February 19, 1991, the district court denied his TRO requests with leave to file additional supporting evidence, granted a preliminary injunction as to the medical needs claim, and allowed Adams the opportunity to amend his complaint to develop his due process claim. On April 4, 1991, the court dismissed the due process claim, and denied the TRO requests. On July 9, 1991, the court granted summary judgment in favor of defendants on the medical indifference claim and entered a final judgment. Adams now appeals the dismissal of his due process claim, the denial of the TROs and the summary judgment on the medical indifference claim. We have jurisdiction to consider the April 4, order dismissing the due process claim and the summary judgment order entered on July 9, 1991. See County of Esmeralda v. Department of Energy, 925 F.2d 1216, 1218 (9th Cir.1991) (a non-final order becomes final where a subsequent judgment effectively terminates the litigation). An order denying a TRO is not generally appealable. See Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1308 (9th Cir.1989). Moreover, even were we to construe Adams's request for the TROs as reviewable motions for preliminary injunctive relief, the district court properly found that Adams had failed to present evidence of "irreparable harm." See Alaska ex. rel. Yukon Flats School Dist. v. Native Village of Venetie, 856 F.2d 1384, 1388 (9th Cir.1988)