990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David ROWLAND; Gertrude Rowland, husband and wife, as next
of kin to the minor child, Plaintiffs-Appellants,
v.
Richard THOMPSON, individually; Richard Thompson, Director,
Department of Social and Health Services, State of
Washington; Christine Kneser, individually; Christine
Kneser, Case Worker, Children's Welfare Services, Division
of Children & Family Services, State of Washington
Department of Social and Health Services, Defendants-Appellees.
 No. 92-36551.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David and Gertrude Rowland appeal pro se the district court's sua sponte dismissal of their 42 U.S.C. § 1983 civil rights action. The district court dismissed the Rowlands' action for failure to state a claim for which relief can be granted, and lack of standing. The Rowlands contend that the district court erred in dismissing their claim without notifying them of the deficiencies of their complaint, or giving them an opportunity to amend. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 A district court may dismiss an action on its own motion for failure to state a claim. Franklin v. Oregon State Welfare Division, 662 F.2d 1337, 1340-41 (9th Cir.1981). However, the court must give a statement of the reasons for dismissal, and must allow the plaintiff an opportunity to amend, unless the complaint is clearly deficient. Id. at 341; Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (pro se litigant must be given notice of deficiencies of complaint and opportunity to amend prior to dismissal, unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment).
 
 
 4
 Plaintiffs must generally assert their own legal rights and interests, and cannot rest their claim to relief on the legal rights of third parties. Warth v. Sedlin, 422 U.S. 490, 499 (1975). Federal jurisdiction can be invoked only when the plaintiffs themselves have suffered a threatened or actual injury resulting from the challenged action. Id. To state a claim under section 1983, the plaintiffs must show that the defendants acted under color of state law, and that the defendants' conduct deprived the plaintiffs of a constitutional right. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc), cert. denied, 478 U.S. 1020 (1986).
 
 
 5
 The Rowlands are the maternal grandparents of a minor child. The minor child's parents, the Rowlands' daughter and her husband, are currently incarcerated for sexually abusing the minor child. The minor child is in the custody of the Washington State Department of Social and Health Services.
 
 
 6
 The Rowlands' complaint alleged that their grandchild is being denied access to the teachings of the Episcopal faith, and requested relief on her behalf of $84,000 in compensatory damages and $252,000 in punitive damages. They also requested that the district court issue a preliminary injunction barring the defendants, the director and a case worker for the Washington Department of Social and Health Services, from participating in the minor child's adoption and custody proceedings.
 
 
 7
 The Rowlands lack standing to bring this action. Parents are entitled to sue to protect their own right to control their child's religious training. Grove v. Mead School District, 753 F.2d 1528, 1531 (9th Cir.1985), cert. denied, 474 U.S. 826 (1985). However, the Rowlands are not the minor child's parents, nor are they her legal guardians.[1] They cannot sue on her behalf, see Warth, 422 U.S. at 499, nor do they purport to sue on their own behalf. Accordingly, the district court did not err in dismissing the action for failure to state a claim. See Franklin, 662 F.2d at 1340-41.
 
 
 8
 The Rowlands contend that the district court should have given them an opportunity to amend their complaint. However, in this case, it is clear that the complaint's deficiencies could not be cured by amendment. The Rowlands cannot sue on the minor child's behalf, and they have no cause of action to sue on their own behalf. Accordingly, the district court did not err by dismissing the complaint without giving notice of the complaint's deficiencies and giving leave to amend. See id.; Noll, 809 F.2d at 1448.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Beth has been appointed a Guardian Ad Litem to represent her in ongoing custody and adoption proceedings