809 F.2d 1446
 7 Fed.R.Serv.3d 253
 William NOLL, Plaintiff-Appellant,
v.
Norman CARLSON, Director, United States Bureau of Prisons;
Otis Fields, Western Regional Director, United States Bureau
of Prisons; M.D. Wegner, Administrator, Western Regional
Office, United States Bureau of Prisons; Milt Edman,
Administrator of Designation, Western Regional Office,
United States Bureau of Prisons, Defendants-Appellees.
 No. 85-6235.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 17, 1986.*
Decided Feb. 13, 1987.
 
 Joseph Butler, Los Angeles, Cal., for defendants-appellees.
 William J. Noll, Springfield, Mo., for plaintiff-appellant.
 Before PREGERSON, NELSON and THOMPSON, Circuit Judges.
 Appeal from the United States District Court for the Central District of California.
 PREGERSON, Circuit Judge:
 
 
 1
 William Noll, a federal prisoner, brought a Bivens -type[1] civil rights action pro se and in forma pauperis against four officials of the United States Bureau of Prisons. After Noll twice amended his complaint at his own instance, the district court dismissed the action for failure to state a claim.[2] In dismissing the action, the court did not advise Noll in what respects his second amended complaint was deficient, nor did the court allow Noll leave to amend.[3] We review de novo the dismissal of the action. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985).
 
 
 2
 The question presented by this appeal is whether the district court adhered to well established procedural requirements before dismissing this civil rights action brought by a pro se plaintiff, who had twice amended his complaint on his own initiative without the assistance of the court's statement of deficiencies. We reverse.
 
 
 3
 In Armstrong v. Rushing, 352 F.2d 836, 837 (9th Cir.1965), we established that a pro se litigant bringing a civil rights suit in forma pauperis is entitled to five procedural protections. These are:
 
 
 4
 (1) process issued and served, (2) notice of any motion thereafter made by defendant or the court to dismiss the complaint and the grounds therefor, (3) an opportunity to at least submit a written memorandum in opposition to such motion, (4) in the event of dismissal, a statement of the grounds therefor, and (5) an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment.
 
 
 5
 Id. at 837 (footnote omitted).
 
 
 6
 Five years later in Potter v. McCall, 433 F.2d 1087, 1088 (9th Cir.1970) (per curiam), we restated Armstrong's procedural requirements and, because the district court failed to comply with several of them, we reversed the dismissal of a pro se litigant's civil rights action.
 
 
 7
 The procedural requirements were again considered in Franklin v. Murphy, 745 F.2d 1221 (9th Cir.1984). There, we observed that in forma pauperis plaintiffs lack sufficient economic deterrents to filing frivolous lawsuits and limited the Armstrong-Potter requirement that a pro se litigant appearing in forma pauperis is entitled to have process served. Id. at 1226-27. In Franklin, we held that the district court may dismiss with prejudice an in forma pauperis complaint before service of process under 28 U.S.C. Sec. 1915(d) when the complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face. Id. at 1227. We also held that reversal of the district court's dismissal of one of Franklin's claims was necessary because the court did not notify Franklin of the defects in his pleadings and grant leave to amend the complaint. Id. at 1230.
 
 
 8
 While Fed.R.Civ.P. 15 places leave to amend within the sound discretion of the trial court, we have stressed that a court must remain guided by "the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981); see also Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). A pro se litigant must be given leave to amend his or her complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (Per Curiam).
 
 
 9
 The rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel. Indeed, the Supreme Court has held that allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (Per Curiam); see also Maurer v. Individually and as Members of Los Angeles County Sheriff's Dept., 691 F.2d 434, 437 (9th Cir.1982); Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir.1980).
 
 
 10
 The requirement that courts provide a pro se litigant with notice of the deficiencies in his or her complaint helps ensure that the pro se litigant can use the opportunity to amend effectively. Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors. This is equally true for the pro se litigant who amends his complaint at his own instance without any guidance from the court. Amendments that are made without an understanding of underlying deficiencies are rarely sufficient to cure inadequate pleadings.
 
 
 11
 We are nevertheless mindful that courts should not have to serve as advocates for pro se litigants. A statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs. Rather, when dismissing a pro se complaint for failure to state a claim, district courts need draft only a few sentences explaining the deficiencies. For example, in a 42 U.S.C. Sec. 1983 action where the pro se plaintiff failed to allege that the defendant acted under color of state law, the court need point out only that the complaint fails to state a claim because it fails to allege facts sufficient to show that the defendant acted under color of state law.
 
 
 12
 Here although Noll twice amended his complaint, he did so without the benefit of the court notifying him of any deficiencies in his previous pleadings. When the district court dismissed Noll's second amended complaint and the action without leave to amend, it failed to provide a statement of the complaint's deficiencies. Because it is not absolutely clear that Noll could not amend his complaint to allege constitutional violations,[4] the district court erred by not notifying Noll of the amended complaint's deficiencies and allowing him leave to amend. See Franklin, 745 F.2d at 1228 n. 9; Potter, 433 F.2d at 1088.
 
 
 13
 The order of dismissal is therefore reversed, and the matter remanded to the district court to give Noll an opportunity to amend his complaint after notifying him of its defects.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a)
 
 
 [1]
 Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [2]
 Because the dismissal was on the merits, Noll was barred from filing another complaint under the res judicata doctrine. See Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir.1985) (noting that "dismissal based on failure to state a claim requires a judgment on the merits"), cert. denied, --- U.S. ----, 106 S.Ct. 2919, 91 L.Ed.2d 547 (1986)
 
 
 [3]
 The court dismissed the action against two of the named officials on a motion made after service of process and dismissed the action sua sponte against the other two named officials under 28 U.S.C. Sec. 1915(d) before service of process
 
 
 [4]
 Noll alleges in his second amended complaint that he was placed in prison with "known enemies" in violation of due process and the eighth amendment. Although his allegations are conclusory, he may be able to amend his complaint to allege facts showing that prison officials acted with "deliberate indifference" to his physical safety in violation of the eighth amendment, see Whitley v. Albers, --- U.S. ----, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir.1982), or that the officials violated Noll's substantive due process liberty interest in being secure in his person against assault, see McRorie v. Shimoda, 795 F.2d 780, 785 (9th Cir.1986)
 Additionally, Noll alleges that he was unconstitutionally placed in administrative segregation for ten and one-half months without outdoor exercise in order to separate him from his "known enemies." Noll may be able to amend his complaint to state a claim for violation of procedural due process, see 28 CFR Secs. 541.22(c), (d); Hewitt v. Helms, 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir.1986), or the eighth amendment, see Toussaint v. Yockey, 722 F.2d 1490, 1492-93 (9th Cir.1984); Franklin v. State of Oregon, 662 F.2d 1337, 1346 (9th Cir.1981); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979).
 Finally, Noll makes conclusory allegations of inadequate medical care. It is not absolutely clear that he cannot amend his complaint to show that prison officials acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); Toussaint v. McCarthy, 801 F.2d at 1111.