951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. QUICK, Plaintiff-Appellant,
v.
Clarence W. DUPNICK, Defendant-Appellee.
 No. 91-15308.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Quick, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 Quick's complaint alleged that on October 31, 1989, while being escorted from a courtroom in the Pima County Courthouse, he was assaulted by an unidentified deputy sheriff, a member of the Pima County Sheriff's Department's S.W.A.T. team. The complaint named Clarence W. Dupnick, the sheriff of Pima County, Arizona, as the defendant. The complaint also stated that despite making informal inquiries and filing a formal grievance with the Pima County Sheriff's Department, the Department had not identified the officer who assaulted Quick. Quick filed a motion seeking to discover the identity of the S.W.A.T. officers involved. The district court dismissed the action because "Plaintiff has sued the wrong party" and held that Quick's motion for discovery was moot. Quick attempted to amend his complaint to name "John Doe, Deputy Sheriff, Pima County Swat team member;" the district court, however, denied the motion. Quick timely appeals.
 
 II
 Analysis
 
 5
 We affirm the dismissal of Sheriff Dupnick. Subsequently, Quick filed a motion to amend to name a "John Doe." The district court denied the motion. It is this order we now consider.
 
 
 6
 We review do novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). In conducting our review, allegations of material fact contained in the complaint are taken as true and construed in the light most favorable to the plaintiff. Id.
 
 
 7
 Moreover, in civil rights cases, if the plaintiff is pro se, the court has an obligation to construe the pleadings liberally and to afford plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 8
 Our review of this action is guided by Gillespie v. Civiletti, 629 F.2d 637 (9th Cir.1980). In Gillespie, we stated
 
 
 9
 [a]s a general rule, the use of 'John Doe' to identify a defendant is not favored [citation omitted]. However, situations arise, such as the present, where the identity of the alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds [citations omitted].
 
 
 10
 629 F.2d at 642. The Gillespie panel recounted how the plaintiff had sought to identify potential defendants, prison officials, through interrogatories to the named defendants, but had been unable to do so because the district court had dismissed the action without requiring a response to the interrogatories. Id. at 642. The court then held that the district court had abused its discretion in not permitting the discovery and in dismissing the complaint because "[i]t was very likely that the answers to the interrogatories would have disclosed the identities of the 'John Doe' defendants." Id.
 
 
 11
 Similarly, such limited discovery in Quick's action could likely provided disclosures, which, along with the allegations contained in his complaint, would state a section 1983 claim. See id. Accordingly, we reverse and remand in order to allow Quick to amend his complaint to include 'John Doe' defendants and to give him an opportunity, through discovery, to uncover the identities of the 'John Doe' defendants and to proceed with his claims. See id.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3