967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherry B. CALLAHAN (Burke); Jonathan E. Hughes, Plaintiffs-Appellants,
v.
William BETTINELLI; Laurence Sawyer, Judge; Lloyd Von Der
Mehden; Exchange Bank, Cindy Perez, William
Reinking, Attorney Roger Illsley, et
al., Defendants-Appellees.
 No. 91-16215.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherry B. Callahan and Jonathan E. Hughes appeal pro se the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of their 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo. Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987). We affirm.
 
 
 3
 Callahan and Hughes challenge state court proceedings decided against them, including one action in which they sued bank officials for alleged errors arising from an alleged conspiracy by Seventh Day Adventists that resulted in their checking account being overdrawn. In that action, a default judgment was entered against the bank officials but was subsequently set aside. As defendants in the action that is the subject of this appeal, Callahan and Hughes named state court judges, the County of Sonoma, the bank officials, and the attorneys who represented the bank officials and other private parties in the state court proceedings.
 
 
 4
 The district court properly dismissed the action. First, to the extent that the complaint requested the district court to review the state court's judgments, the district court lacked subject matter jurisdiction over the complaint. See Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987). Second, the judges are absolutely immune from section 1983 liability for damages. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). Third, the County of Sonoma cannot be held responsible under section 1983 for what the appellants allege to be misconduct by the judges. See Davis v. Mason County, 927 F.2d 1473, 1480 (9th Cir.), cert. denied, 112 S.Ct. 275 (1991). Fourth, the attorneys and other private parties are not subject to suit under section 1983 because they are private parties who do not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Finally, Callahan's and Hughes's conclusory allegations of conspiracy are insufficient to withstand the defendants' motion to dismiss. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Callahan's and Hughes's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3