995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Allen SMITH, Plaintiff-Appellant,
v.
CLARK COUNTY PUBLIC DEFENDER'S OFFICE, et al., Defendant-Appellee.
 No. 92-16342.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Allen Smith, a Nevada state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 civil rights action against the public defender who represented Smith in his state court criminal trial. Smith also appeals the district court's denial of his post-judgment motion to amend his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We reverse and remand.
 
 
 3
 We review de novo the district court's dismissal of Smith's action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). See Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 and 113 S.Ct. 656 (1992). We review for abuse of discretion the district court's denial of Smith's post-judgment motion for leave to amend. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991) (denial of Rule 59(e) motion reviewed for abuse of discretion); Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991) (denial of leave to amend reviewed for abuse of discretion).
 
 
 4
 Dismissal for failure to state a claim is improper unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Id. Before dismissing a pro se civil rights complaint, the district court must provide the litigant with notice of the deficiencies and an opportunity to amend unless it is absolutely clear the deficiencies of the complaint could not be cured by amendment. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992); Noll v. Carlson, 809 F.2d 1446, 1446 (9th Cir.1987).
 
 
 5
 To state a claim under 42 U.S.C. § 1983, the plaintiff must allege the defendants, acting under color of state law, deprived the plaintiff of rights secured by the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988). Public defenders are private individuals for purposes of section 1983, and do not act under color of state law when acting as counsel to a defendant in a criminal proceeding. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Nevertheless, a public defender who conspires with state officials does act under color of state law and may be liable under section 1983. Tower v. Glover, 467 U.S. 914, 923 (1984). There must, however, be some evidence of conspiracy; "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 6
 Smith filed the present action against the Clark County District Attorney and the public defender alleging that they conspired to deprive Smith of his constitutional right to a fair trial. The district court dismissed the claims against the district attorney as frivolous. The district court found that because Smith alleged a conspiracy, the claims against the public defender were not frivolous and ordered service of those claims. The public defender filed a motion to dismiss for failure to state a claim. Smith then filed a motion for leave to amend his complaint, which the district court granted. In his amended complaint, Smith named only the public defender as a defendant and alleged a conspiracy. The district court dismissed Smith's amended complaint for failure to state a claim on the ground that Smith had made only vague and conclusory allegations of conspiracy. The district court then entered judgment in the action. Smith filed a post-judgment motion for leave to amend, which the district court denied.
 
 
 7
 Smith contends the district court erred by dismissing his complaint without giving him notice of the deficiencies and an opportunity to amend. This contention has merit. Although the district court granted Smith leave to amend his complaint once, the district court never notified Smith of the need to allege specific facts showing conspiracy. See McGuckin, 974 F.2d at 1055; Ivey, 673 F.2d at 268. Further, it is not absolutely clear that Smith could not cure this deficiency by amending.[2] See Noll, 809 F.2d at 1448. In light of Smith's pro se status, the district court erred by dismissing Smith's complaint without giving him an opportunity to amend his conspiracy claim. See McGuckin, 974 F.2d at 1055.[3]
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Smith's post-judgment motion was served on the defendants within 10 days of entry of judgment, we construe it as a motion to vacate the judgment pursuant to Fed.R.Civ.P. 59(e). See United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992) (a motion, however labelled, served within 10 days of entry of judgment may be construed as a Rule 59(e) motion). Accordingly, we have jurisdiction to review the underlying judgment as well as the denial of the post-judgment motion. See id. (timely Rule 59(e) motion tolls the time for appealing the underlying judgment)
 
 
 [2]
 In the proposed amended complaint Smith submitted with his post-judgment motion to amend, Smith alleged that he saw and heard the public defender talking with the judge and the district attorney and agreeing to interfere with Smith's defense in his criminal trial. This allegation may be sufficient to support a claim for conspiracy. See Ivey, 673 F.2d at 268
 
 
 [3]
 Because we reverse the district court's underlying judgment, we do not reach the issue of whether the district court abused its discretion by denying Smith's post-judgment motion