5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jeremy FARNSWORTH; Gypsy LeGrande, Plaintiffs-Appellants,
v.
Frankie Sue DEL PAPA; City Towing, Inc.; Paul Conner,
Deputy Chief, et al., Defendants-Appellees.
Jeremy FARNSWORTH; Gypsy LeGrande, Plaintiffs-Appellants,
v.
Frankie Sue DEL PAPA; City Towing, Inc.; Burtrand,
Officer, Badge # 4071, individually and officially as a
Police Officer for the City of Las Vegas--Metropolitan
Police; Hastie, Officer, Badge # 3386 individually and
officially as a Police Officer for the City of Las
Vegas--Metropolitan Police; Paul Connor, Deputy Chief,
Defendants-Appellees.
 Nos. 92-15412, 92-16654.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1993.*
Decided Aug. 24, 1993.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-91-00597-PMP(R), Philip M. Pro, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before: KOZINSKI, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Farnsworth and LeGrande claim the district court erred in setting aside their $6 million default judgment against City Towing, and in dismissing Officers Burtrand and Hastie, as well as City Towing, from their 42 U.S.C. Sec. 1983 action.
 
 
 3
 A. We won't reverse a district court's decision to set aside a default judgment without a clear showing that the judge abused his discretion. Price v. Seydel, 961 F.2d 1470, 1473 (9th Cir.1992). Farnsworth and LeGrande have not shown, clearly or otherwise, that the judge abused his discretion in setting aside this judgment. See Meadows v. Dominican Republic, 817 F.2d 517, 520-24 (9th Cir.1987) (setting forth standards for exercise of discretion).
 
 
 4
 B. We review the district court's dismissal of Farnsworth and LeGrande's section 1983 claims against City Towing and Officers Burtrand and Hastie de novo, and limit our review to the contents of their complaint. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We also take into consideration that they brought this action pro se. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 The district court dismissed Farnsworth and LeGrande's action as against Officers Burtrand and Hastie for failure to state a viable claim. Burtrand and Hastie enjoy qualified immunity from liability under 42 U.S.C. Sec. 1983 "insofar as their conduct does not violate clearly established ... rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Most of Farnsworth and LeGrande's claims--such as those involving the issuance of a traffic ticket, the imposition of a fine and the towing of their unregistered car--fail to allege a violation of any possible "right" they might have. And the few that do--in particular, those that address Farnsworth's arrest and detention--are no more than "bare allegations of malice" which the district court properly dismissed. See Branch v. Tunnell, 937 F.2d 1382, 1385 (9th Cir.1991) (applying heightened pleading standard to such claims).
 
 
 6
 Their allegations of malice against City Towing are equally bare. Nowhere do they allege City Towing did anything more than respond to a police request to tow their car. That is not enough to establish a section 1983 violation by a private party. Cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1969) (private party who willfully participates with government officials in violating person's rights may be liable under section 1983).
 
 
 7
 The district court properly found that Farnsworth and LeGrande alleged no viable claim against Burtrand, Hastie or City Towing for which relief could be granted. And, after considering the allegations of the complaint, we conclude Farnsworth and LeGrande couldn't overcome this deficiency by amending it. See Noll, 809 F.2d at 1448.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3