39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin CLARK; Shirley Clark, Plaintiffs-Appellants,
v.
CITY OF PORTLAND; Tropfenbaum; David Sweet; Nancy Sexton,
Defendants-Appellees.
 No. 94-35045.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvin and Shirley Clark appeal pro se the district court's dismissal of their 42 U.S.C. Sec. 1983 action against the City of Portland, the City's Bureau of Buildings and City employees, (collectively "City"). The Clarks contend that the City violated their Fifth and Fourteenth Amendment rights by erroneously removing a planter box from their property, destroying it and charging the Clarks with the removal and abatement costs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 * Standard of Review
 
 
 4
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and is reviewed de novo. Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir.1988). A complaint should not be dismissed unless, accepting all of the plaintiff's allegations of material fact as true, it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Id. Before dismissing a complaint for failure to state a claim, the district court should notify the pro se plaintiff of the complaint's deficiencies and provide the plaintiff an opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 II
 Background
 
 5
 The Clarks' complaint states that on October 1, 1991, the City notified them that it was intending to remove their planter box for being situated in the public right-of-way. Under the Portland City Code ("Code"), the Clarks had 15 days from the date of the notice to remove the planter box themselves or show why the planter box should not be removed. See PCC 18.03.020. Upon satisfying either of these two conditions, the Clarks would be entitled, under the Code, to an administrative review. See id. Although the Clarks's complaint fails to state whether they contacted the City within the prescribed time period, in their opposition to the defendants motion to dismiss, they state that they contacted City officials about the nuisance notice within 15 days and attempted to persuade the City that their planter was situated on their private property. On November 7, 1991, the City removed the planter box and charged the Clarks 275.60 for the removal and abatement costs.
 
 
 6
 After the removal, the Clarks sought and obtained an administrative review and a post-deprivation hearing. At that time, the City's Code Officer determined that the City had erred by removing the planter box and charging the Clarks with the removal and abatement costs because the planter had been situated on the Clarks's private property. In their appeal, the Clarks contend that the City has neither reimbursed them for the removal and abatement costs nor compensated them for the value of the planter. They seek $500 in special damages and $250,000 in general damages.
 
 III
 Merits
 A. Dismissal under 12(b)(6)
 
 7
 Defendants filed a motion under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief could be granted. Rule 12(b) provides that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b). We have held that where the nonmoving party is appearing pro se, the notice requirements of Rule 56(c) must be strictly adhered to when a motion to dismiss under Rule 12(b)(6) is converted into one for summary judgment." Garaux v. Pulley, 7639 F.2d 437, 439-40 (9th Cir.1984).
 
 
 8
 Here, the district court, in reaching its conclusion, relied on matters outside the pleadings to determine that the City had not violated the Clarks's due process rights. The district court erred by treating, sua sponte, the City's motion to dismiss for failure to state a claim as a motion for summary judgment without providing notice to the Clarks. See Garaux, 739 F.2d at 1440. Accordingly, because the Clarks did not receive notice of the requirements of the summary judgment rule, we vacate the district court's dismissal of the Clarks' action. See id.
 
 B. Claim Against the City of Portland
 
 9
 To state a claim against a municipal entity under section 1983, a plaintiff must allege that the constitutional violations are the result of an official policy or practice. Monnell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Here, the Clarks failed to assert that the alleged procedural due process violation was the result of an official policy or practice. Accepting all their allegations of fact as true, however, we cannot say that it appears beyond doubt that the Clarks could prove no set of facts which would entitle them to relief. See Noll, 809 F.2d at 1448. Accordingly, because the Clarks are proceedings pro se, they should be given an opportunity to amend on this issue. See id.
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3