48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carlos TAMAYO, Jr., Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF LABOR, et al., Defendant-Appellee.
 No. 94-35570.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 28, 1995.
 
 Before: SCHROEDER, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Tamayo, Jr. appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his action alleging that his due process rights were violated during his federal worker's compensation appeals hearing. Tamayo also appeals the district court's denial of his motion for default judgment on his disability retirement claim.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim, see Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and for abuse of discretion the denial of a motion for default judgment, Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991).[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Federal Employees' Compensation Act
 
 
 5
 Tamayo contends that his due process rights were violated at his worker's compensation appeals hearing because he was not given access to his case file at the hearing and because it took the hearing representative four months to render a decision. This contention lacks merit.
 
 
 6
 The Federal Employees' Compensation Act ("FECA") precludes judicial review of benefits determinations. 5 U.S.C. Sec. 8128(b) ("action of the Secretary or his designee in allowing or denying a payment ... [is] not subject to review by another official of the United States or by a court by mandamus or otherwise"). FECA does not, however, preclude judicial review of constitutional violations that may have occurred during the course of the determination proceeding. Rodrigues v. Donovan, 769 F.2d 1344, 1347-48 (9th Cir.1985). Nevertheless, an attempt to challenge the allocation of benefits under the guise of a constitutional attack will not be permitted. See id. at 1348.
 
 
 7
 Although Tamayo frames his argument in constitutional terms, it is clear from his request, that the defendants be ordered to pay him benefits, that the essence of his claim is a disagreement with the decision rendered on his worker's compensation claim. Thus, his claim is precluded from judicial review. See 5 U.S.C. Sec. 8128(b). Furthermore, even if Tamayo's claim could be construed as a constitutional challenge, his due process rights were satisfied because he had an opportunity to submit evidence and present his case at a hearing and to appeal the hearing decision, including any procedural irregularities, to the Employee Compensation Appeals Board. See Raditch v. United States, 929 F.2d 478, 480 (9th Cir.1991) ("[w]hen a government-created property interest is at stake, due process principles require at least notice and an opportunity to respond in some manner").
 
 
 8
 Because Tamayo's claim is precluded from judicial review, the district court properly dismissed Tamayo's complaint for failure to state a claim. See 5 U.S.C. Sec. 8128(b).
 
 II
 Federal Employees' Disability Retirement
 
 9
 Tamayo also contends that the district court erred by denying his motion for default judgment on his claim alleging that his due process rights were violated when the defendants took three months to forward his federal employees' disability retirement application to the Office of Personnel Management. This contention lacks merit.
 
 
 10
 The Civil Service Retirement Act bars judicial review of factual determinations in retirement benefits determinations. 5 U.S.C. Sec. 8347(c). However, judicial review is permitted where "there has been a substantial departure from important procedural rights, a misconstruction of governing legislation, or some like error going to the heart of the administrative determination." Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985).
 
 
 11
 Because taking three months to complete an application form is not "a substantial departure from important procedural rights" or an "error going to the heart of the administrative determination," Tamayo's motion for default judgment was properly denied.[2] Lindahl, 470 U.S. at 791.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Tamayo's request for oral argument is denied. Tamayo's motion to file an oversized reply brief is granted. The panel has considered the arguments set forth in the reply brief
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tamayo also argues that his rights were violated under numerous other constitutional provisions, federal statutes, and treaties. These claims are wholly without merit
 
 
 [2]
 Tamayo's contention that he should have had the opportunity to amend his complaint is without merit. Tamayo never requested leave to amend, see Fed.R.Civ.P. 15(a), and cannot now complain that he should have had this opportunity