76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary ST. HILAIRE, Plaintiff-Appellant,
v.
STATE OF ARIZONA, et al., Defendants-Appellees.
 No. 95-17012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 9, 1996.
 
 Before: PREGERSON, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal challenges the district court's September 28, 1995 order denying appellant's request for preliminary injunctive relief as moot pursuant to the court's simultaneous dismissal of the cause of action upon which the request was based. While this court generally does not have jurisdiction to review the dismissal of one claim until the entry of final judgment, such an order may be reviewed in the context of an appeal from the denial of injunctive relief. See 28 U.S.C. § 1292(a)(1) (order denying request for preliminary injunction is appealable); Sierra Club v. Department of Transportation, 948 F.2d 568, 571 (9th Cir.1991) (partial summary judgment reviewed in context of interlocutory appeal from permanent injunction).
 
 
 3
 In order to determine whether the request for preliminary injunction was properly denied as moot, this court must examine whether the claim against the State was properly dismissed on the basis of Eleventh Amendment sovereign immunity. While appellant's claim against the state was properly dismissed, the district court should have afforded appellant an opportunity to amend the claim to state a cause of action against the appropriate state official.
 
 
 4
 This court agrees wholeheartedly that appellant's claim against the State of Arizona is barred by the Eleventh Amendment to the extent that appellant seeks compensatory damages for any alleged injury. See Edelman v. Jordan, 415 U.S. 651, 677 (1974) (State cannot be sued in federal court for money damages absent an explicit waiver of immunity).[1] In addition, appellant may not sue the State itself in federal court, regardless of the nature of relief sought. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984).
 
 
 5
 On the other hand, appellant may be able to state a valid claim against a state official for injunctive relief to prevent enforcement of the allegedly unconstitutional state statute. See Ex Parte Young, 209 U.S. 123, 155-56 (1908) (state official may be enjoined in federal court from enforcing unconstitutional state statute).
 
 
 6
 Because appellant could have amended his complaint to state a proper claim for injunctive relief against the state official responsible for enforcing the challenged statute, the district court should have given appellant leave to amend the cause of action prior to its dismissal. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 7
 Consequently, the request for preliminary injunctive relief is not moot and should be reconsidered in light of this court's ruling. While the district court did not err in denying the preliminary injunction, appellant should have been afforded an opportunity to amend his claim against the State and renew his request for injunctive relief in the context of the amended claim.
 
 
 8
 The district court's September 28, 1995 order dismissing the claim against the State and denying preliminary injunctive relief as moot is hereby reversed and remanded for further proceedings consistent with this memorandum disposition.
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4; 9th Cir.R. 3-3(d)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court rejects appellant's assertion that the waiver of immunity provided in the Americans with Disabilities Act, 42 U.S.C. § 12202, should prevent the State from asserting such immunity in this case on the grounds that appellant is in prison solely because he is an alcoholic. Appellant is in prison because he was convicted of driving under the influence and causing injury or death to others. In any event, the challenged statute does not apply only to alcoholic state inmates, but applies equally to all state inmates, regardless of the reason for their confinement, and therefore does not discriminate on the basis of any alleged disability under the Act