83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Araya WOLDE-GIORGIS, Dr., Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF TRANSPORTATION; State of Arizona,
Defendants-Appellees.
 No. 95-15503.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dr. Araya Wolde-Giorgis appeals pro se the district court's dismissal of his action under 42 U.S.C. §§ 1981, 1983, 29 U.S.C. §§ 621-634 ("ADEA") and 42 U.S.C. § 2000a et seq. ("Title VII"), for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm in part, and vacate and remand, in part.
 
 
 3
 We agree with the district court's dismissal of the Arizona Department of Transportation ("ADOT") and the State of Arizona on the basis that the Eleventh Amendment bars these claims. See Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir.1995); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.1988), cert. denied, 490 U.S. 1081 (1988). Accordingly, the district court's dismissal of Wolde-Giorgis' claims under 42 U.S.C. §§ 1981 and 1983 is affirmed. See id.
 
 
 4
 Wolde-Giorgis contends that the district court erred when it dismissed his action for failure to allege exhaustion of administrative remedies. This contention has merit.
 
 
 5
 "Unless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir.1995); see also Noll, 809 F.2d at 1448-49 ("A statement of deficiencies need not provide great detail ... district courts need draft only a few sentences explaining the deficiencies."). In his answer to ADOT's motion to dismiss for failure to allege exhaustion of administrative remedies, Wolde-Giorgis stated that he had "filed a charge within 300 days with EEOC under charge number hhs-ld-asmc" In response, ADOT conceded that it had "discovered that Plaintiff did file an EEOC charge, the EEOC rendered a determination on June 25, 1993, and Plaintiff filed his Complaint in this matter on September [sic] 30, 1993." Although the district court order did note the deficiencies of Wolde-Giorgis' complaint and dismissed without prejudice, because the action, not the complaint, was dismissed, Wolde-Giorgis cannot now refile his complaint. See McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992) (explaining the difference between dismissal of an action without prejudice and dismissal of a complaint without prejudice). In addition, it is not absolutely clear that Wolde-Giorgis could not amend his complaint to allege exhaustion in his Title VII and ADEA claims. See id.; see also Bak v. Postal Service, 52 F.3d 241, 244 (9th Cir.1995) (holding that "a claimant is no longer required to exhaust his administrative remedies with regard to an age discrimination claim prior to filing a civil suit). Accordingly, we vacate and remand the district court's judgment dismissing these claims. The parties shall bear their own costs on appeal.
 
 
 6
 AFFIRMED in part, and VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Wolde-Giorgis' motion to file a supplemental brief is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3