103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrel W. VANDERGRIFF, Plaintiff-Appellant,
v.
E. THOMAS, CPM; Jerry Tauscher; H. Bowman; D. McWilliams;
State of Washington, Defendants-Appellees.
 No. 95-35437.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Darrel W. Vandergriff appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 complaint alleging that he was arbitrarily placed in administrative segregation for punitive reasons.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and vacate and remand.
 
 
 3
 We have long held that a pro se litigant must be given notice of his complaint's deficiencies and leave to amend the complaint. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Here, the district court did not give Vandergriff leave to amend his complaint prior to its dismissal. Because it is not absolutely clear that the deficiencies of Vandergriff's complaint could not be cured by amendment, Vandergriff should have been provided with at least one opportunity to amend his complaint. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995); Noll, 809 F.2d at 1448. Accordingly, we vacate the dismissal of Vandergriff's complaint, and remand to the district court for further proceedings. See Noll, 809 F.2d at 1448.
 
 VACATED AND REMANDED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Vandergriff also contends that the district court erred by denying his motion for reconsideration of its denial of a second extension of time to file objections to the magistrate's report and recommendations. We previously limited the scope of this appeal to the district court's dismissal of Vandergriff's section 1983 action, and therefore will not consider this contention
 
 
 [2]
 We deny Vandergriff's motion to impose sanctions on the defendants