106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark S. NELSON, Plaintiff-Appellant,
v.
Sherman HATCHER; Anthony Caito; Paula Miller, Defendants-Appellees.
 No. 95-15554.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former Nevada state prisoner Mark S. Nelson appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 In August 1991, California authorities lodged a detainer against Nelson based on a warrant issued for Nelson's arrest in El Dorado County, California. In February 1992, after initially objecting that the charges were the same as ones previously dismissed by El Dorado County, Nelson signed a request for final disposition of the charges. On May 26, 1992, the El Dorado County Court sent Nelson a letter advising him that the current charges were a "re-filing of the charges previously dismissed." On June 1, 1992, Nevada authorities transferred Nelson to California custody. On June 18, 1992, the El Dorado County Court dismissed the charges based on the Interstate Agreement on Detainers Act ("IADA").
 
 
 4
 Nelson contends that Nevada authorities violated the "anti-shuttling" provisions of the IADA when they transferred him to California on charges that previously were dismissed. We disagree.
 
 
 5
 Nelson alleges that his request for final disposition was always conditioned upon different charges having been filed. However, the copy of the request for final disposition, which Nelson attached to his section 1983 complaint, is signed by Nelson and does not include any conditions. Under the express terms of the IADA, the request for final disposition constitutes a consent to the transfer. Even if prior to his transfer Nelson received the letter from the El Dorado County Court and showed it to Nevada authorities, nothing in the IADA permits the sending state to determine whether the receiving state will dismiss the charges pursuant to the IADA. Consequently, we affirm the district court's dismissal of Nelson's IADA claim for failure to state a claim against the Nevada defendants. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 6
 Nelson contends that the Nevada defendants violated his constitutional rights when (a) upon his return he was placed for thirty days in administrative segregation in a different Nevada facility; (b) denied a change of underwear for ten days; and (c) assessed five additional points in his prison record with respect to his classification. Accepting Nelson's allegations as true, none of these contentions, either alone or in combination, state a violation of any constitutional right. See Meachum v. Fano, 427 U.S. 215 (1976) (no constitutional right to any particular classification or placement); see also Hudson v. McMillan, 503 U.S. 1 (1992) (discomfort of prison life part of penalty prisoners pay for their offenses against society). Consequently, we affirm the dismissal of Nelson's section 1983 claims. See Noll, 809 F.2d at 1448.
 
 
 7
 The district court did not err in dismissing the California defendants for lack of jurisdiction, see International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), or in denying discovery, cf. Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir.1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3