112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Valerie B. BOSTON, Plaintiff-Appellant,
v.
John H. DALTON, Defendant-Appellee. (Two Cases)
 Nos. 95-55823, 96-55526.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals Valerie Boston appeals pro se the district court's summary judgment and dismissal of Boston's actions alleging that she was wrongfully terminated as a store detective at the Navy Exchange in Long Beach, California in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (1994). We review de novo the district court's summary judgment, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and the dismissal without leave to amend, see Dumas v. Kipp, 90 F.3d 386, 389 (9th Cir.1996). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In appeal No. 95-55823 we affirm for the reasons stated in the district court's grant of summary judgment in favor of John Dalton, the Secretary of the Department of the Navy, filed on April 11, 1995. Because Boston is not the prevailing party we deny Boston's request for attorney's fees. See 42 U.S.C. § 2000e-5(k) (1994).
 
 
 4
 In consolidated appeal No. 96-55526 Boston appeals pro se the district court's dismissal of Boston's second action also arising out of her termination at the Navy Exchange. We affirm the district court's dismissal based on res judicata grounds. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The district court did not err by denying Boston leave to amend because the deficiencies of her complaint cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Boston's contention that her discrimination claim represents a continuing pattern of violation is waived because it is raised for the first time in her reply brief. See Eberle v. City of Anaheim, 901 F.2d 814, 817 (9th Cir.1990). Because Boston is not the prevailing party her request for attorney's fees pursuant to 42 U.S.C. § 1983 is denied. See Doty v. County of Lassen, 37 F.3d 540, 547 (9th Cir.1994).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Boston's requests for oral argument in these consolidated appeals are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3