112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard BROWNING, Plaintiff-Appellant,
v.
UNITED PARCEL SERVICE, Defendant-Appellee.
 No. 96-56138.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Browning appeals pro se the district court's order dismissing with prejudice his Racketeer Influenced and Corrupt Organizations Act ("RICO") [18 U.S.C. §§ 1961-1968] action against United Parcel Service, Inc. and the district court's order imposing sanctions on Browning pursuant to Fed.R.Civ.P. 11. Browning alleged that UPS violated RICO by manipulating and preventing the deliveries of ten pairs of Levis pants which Browning had ordered for friends. The district court properly dismissed the complaint because it fails to state a claim upon which relief can be granted. See Oscar v. University Students Co-op Ass'n, 965 F.2d 783, 786 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). The district court did not abuse its discretion by dismissing the complaint without leave to amend because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 3
 Because the legal contentions of the complaint are frivolous, the district court did not abuse its discretion in awarding sanctions to UPS. See Fed.R.Civ.P. 11(b)(2); Cooter & Gell v. Hartmarx, 496 U.S. 384, 405 (1990) (Rule 11 sanctions award reviewed for abuse of discretion).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider the supplemental materials that Browning has submitted following briefing