117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HOWARD BROWNING, Plaintiff-Appellant,
v.
CENTINELA HOSPITAL MEDICAL CENTER, Defendant-Appellee.
HOWARD BROWNING, Plaintiff-Appellant,
v.
BIO-DIAGNOSTIC LABORATORIES; Paul K. Shitabata, Defendants-Appellees.
 No. 96-56271.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-06739-JDG; John G. Davies, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In No. 96-56271, Howard Browning appeals pro se the district court's summary judgment dismissal of his Racketeer Influenced Corrupt Organizations Act ("RICO") [18 U.S.C. § 1961-1968] action alleging that Centinela Hospital Medical Center failed to maintain its jacuzzi at a temperature of 105 degrees. We affirm. Browning's complaint fails to state a claim for a violation of RICO. See 18 U.S.C. § 1962(c); Oscar v. University Students Co-op Ass'n, 965 F.2d 783, 786 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). The district properly denied Browning leave to amend his complaint because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 3
 In No. 96-56273, Browning appeals pro se the district court's dismissal of his second amended complaint alleging that Bio-Diagnostic Laboratories violated' RICO by enlisting physicians to refer patients to a Bio-Diagnostic clinic for skin cancer tests, and falsely diagnosing skin cancer. We affirm.[1] We agree with the district court that Browning's second amended complaint fails to state a claim for a violation of RICO. See 18 U.S.C. § 1962(c); Oscar, 965 F.2d at 786.
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Bio-Diagnostic's contention that Browning should be required to post a bond on appeal