122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dan IKIE, Plaintiff-Appellant,
v.
Alberto SILVA; Steven M. Carter; Dennis P. Magill;
Randall Weed; Bradford Jerbic; C. Dan Bowman;
Defendants-Appellees,
and
Lt. Larry ROSE; R. Michael Gardner; Evidence Room Las
Vegas Metro Police Department, Defendants.
 No. 96-15682.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-93-00035-DWH; David Warner Hagen, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nevada state prisoner Dan Ikie appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal with prejudice of his amended complaint in Ikie's 42 U.S.C. § 1983 action alleging that defendants conspired to institute a malicious prosecution against him for larceny and that defendants failed to return money they seized from Ikie during his arrest. Ikie contends that the district court erred by (1) dismissing his amended complaint; (2) failing to address his claims against three defendants named in the amended complaint; and (3) denying his Fed.R.Crim.P. 41(e) motion for return of his property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm in part, reverse in part, and remand.
 
 
 3
 We reject Ikie's contention that the district court erred by not addressing his claims against three defendants named in his amended complaint because Ikie did not effectuate service of process on these defendants. See Fed.R.Civ.P. 4(c); see also Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 538 (9th Cir.1986) (stating that a federal court obtains personal jurisdiction over defendants who are served with process).
 
 
 4
 We conclude that the district court correctly determined that Ikie's Fed.R.Crim.P. 41(e) motion did not apply in his § 1983 action, because the federal government is not accountable for the money that defendants seized from Ikie. See United States v. Huffhines, 986 F.2d 306, 307-08 (9th Cir.1993).
 
 
 5
 We affirm the district court's dismissal of defendants Silva, Weed, Jerbic, and Bowman on the bases of absolute immunity. However, we reverse the court's dismissal as to defendants Carter and Magill because we conclude that it is not absolutely clear that the deficiencies in Ikie's amended complaint, as to these defendants, could not be cured by additional amendment. See Noll, 809 F.2d at 1449. In dismissing the first complaint, the district court did not advise Ikie of the deficiencies therein and how he could cure those deficiencies to state cognizable conspiracy and malicious prosecution claims. It is obligated to do so on remand. See id. at 1448-49.
 
 
 6
 The parties shall bear their own costs on appeal.
 
 
 7
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3