FRIEDLAND, Judge,
dissenting in part:
I agree with nearly all of the majority’s analysis. The majority concludes, however, that denying leave to amend Ismail’s pro se complaint and dismissing it with prejudice was proper because amendment would have been futile. Because I do not think that it is “absolutely clear” that amendment would be futile, I disagree and would remand with instructions to allow Ismail to amend her complaint. See Karim-Panahi v. L.A. Police Dep’t, 839 F.2d 621, 623 (9th Cir. 1988) (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute on other grounds as stated in Lopez v. Smith; 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)).
“The rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.” Noll, 809 F.2d at 1448; see also Lopez, 203 F.3d at 1131 (quoting Noll approvingly). Thus, “[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.” Karim-Panahi, 839 F.2d at 623 (quoting Noll, 809 F.2d at 1448) (internal quotation marks omitted).
Here, it is not “absolutely clear” that collateral estoppel would bar Ismail’s claims. Although she alleged fraud by the social workers during the dependency proceedings, the record does not reveal how thoroughly these allegations were actually *513 litigated. See Lucido v. Superior Court, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990) (explaining that under California law, a claim must have been actually litigated in previous proceeding for collateral estoppel to apply). The record does indicate, however, that the juvenile court declined to hear at least some of Ismail’s evidence (including the videotapes that she alleges would prove the social workers were lying) and that she did not receive some crucial information—such as the social workers’ notes—until after her parental rights were terminated. In at least one similar case against the same county, the California Court of Appeal allowed fraud-based claims to proceed despite Orange County’s assertion of a collateral estoppel defense. See Fogarty-Hardwick v. County of Orange, No. G039045, 2010 WL 2354383 (Cal. Ct. App. 2010) (unpublished). Giving Ismail the benefit of any doubt, as our precedent requires, see Karim-Panahi, 839 F.2d at 623, I cannot say that collateral estoppel would clearly bar an amended claim.[1]
Because Ismail was a pro se plaintiff and it was not “absolutely clear” that amendment would be futile, the district court should have given her leave to amend. I respectfully dissent from the majority’s contrary conclusion.

. I find the County's futility arguments based on Rooker-Feldman, the statute of limitations, and Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), to be similarly unavailing.