67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory Dale TAYLOR, Plaintiff-Appellant,
v.
Kathy STRAUB; Frank Hall; G.H. Baldwin; Eldon Mendenhall;
Steven Deboer; Michael Nolan; Mary Tangney; D.P.
Mitchell; Sally Thompson; Victoria Abney; C. Hickey; and
Does 1-10; Defendants-Appellees.
 No. 94-35835.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Dale Taylor, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action and failure to decide his motion for appointment of counsel. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). In civil rights cases, a pro se litigant's pleadings are construed liberally. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). The district court must give a pro se plaintiff notice of the deficiencies of his complaint and give him an opportunity to amend the complaint unless it is absolutely clear that no amendment will cure the deficiencies of the complaint. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Here, the district court found that Taylor had no constitutionally cognizable claim and that, therefore, no amendment would cure the deficiencies of his complaint. See id. We agree, and therefore we conclude that the district court did not err by dismissing Taylor's action without informing him of the deficiencies of his complaint and without allowing him an opportunity to amend. See id.
 
 
 5
 Taylor also appeals the district court's failure to grant his request for appointment of counsel. Because this case presented no exceptional circumstances at the time of Taylor's request, the district court did not abuse its discretion by failing to appoint counsel for Taylor. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3