83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karriem SHABAZZ, aka Willie Shabazz, Plaintiff-Appellant,
v.
L. DEMASI; Joe Brown, Officer; Shad Canington, Officer,
Defendants-Appellees.
 No. 95-15955.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, AND RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karriem Shabazz appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. We affirm.
 
 I. Claims against Louise Demasi
 
 3
 Under 28 U.S.C. § 1915(d), a district court may dismiss an in forma pauperis complaint "if satisfied that the action is frivolous." Although the district court did not specify the precise legal ground on which it dismissed Shabazz's claims against Demasi, the district court implied that its dismissal was based on the complaint's frivolousness. We treat the district court's action as a dismissal pursuant to 28 U.S.C. 1915(d) and review for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 4
 The district court found that the only allegation against Demasi that Shabazz had not made in his previously dismissed complaint was that Demasi unlawfully released him to Alabama authorities. The district court found this allegation "unsupported by any factual basis and refuted by the evidence." ER 77 at 4. On appeal, Shabazz simply restates the allegations that the district court found frivolous. He presents nothing to convince us that the district court "committed a clear error of judgment." See Washington State Dep't of Transp. v. Washington Natural Gas Co., 59 F.3d 793, 805 (9th Cir.1995) (citation omitted). We affirm the district court's dismissal of Shabazz's claims against Demasi.
 
 II. Claims against Other Defendants
 
 5
 Shabazz accuses Brown and Canington of arresting him without probable cause. He made these same claims in an earlier complaint. The district court dismissed those claims, and Shabazz's remaining claims against Brown and Canington and the other defendants, as "vague and conclusory." See Ives v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss"). "A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12 is a ruling on a question of law and as such is reviewed de novo." Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). Under this standard, "we do not defer to the lower court's ruling but freely consider the matter anew, as if no decision had been rendered below." United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988).
 
 
 6
 The district court had previously told Shabazz that any second amended complaint would have to allege "with specificity the acts which he claims resulted in a violation of his constitutional rights." See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1982) (district courts must notify pro se litigants of deficiencies in initial complaints to "ensure that the pro se litigant can use the opportunity to amend effectively"). Shabazz failed to comply with this requirement. The district court correctly dismissed the vague and conclusory claims.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3