89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wayne R. HEIM, Plaintiff-Appellant,
v.
Joseph H. CRABTREE; Jerry Wait; John Thompson, Case
Manager; Bill Gatten; Scott Boatwright,
Defendants-Appellees.
 No. 95-35642.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne R. Heim, a federal prisoner incarcerated in Sheridan, Oregon, appeals pro se the magistrate judge's dismissal of his Bivens action[1] alleging (1) a retaliatory transfer and increase in his security classification for his attempts to correspond and call his wife who was also a federal prisoner in violation of the First Amendment; (2) inhumane conditions of confinement in violation of the Eighth Amendment; and (3) interception of his legal mail in violation of the First Amendment. We have jurisdiction under 28 U.S.C. § 1281. We review de novo the dismissal of a complaint for failure to state a claim, Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988), and affirm.
 
 
 3
 Heim contends that the magistrate judge erred by dismissing his retaliation claim. This contention lacks merit.
 
 
 4
 "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving order and discipline." Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985)).
 
 
 5
 Here, Heim contends that prison officials retaliated against him, by transferring him to a federal prison in Atlanta, Georgia, and increasing his security classification from medium to high, because he had complained that he was not able to correspond with or telephone his wife who is also a federal prisoner. Because Heim's wife was also an inmate, and Heim does not have a constitutional right to communicate with other inmates, the district court did not err in dismissing his retaliation claim. See Turner v. Safely, 482 U.S. 78, 91-93 (1987); Barnett, 31 F.3d at 815-16.[2]
 
 
 6
 Heim also contends that the district court erred by dismissing his claims that prison officials at the Sheridan facility violated his Eighth Amendment rights by using a "black box" and "diesel therapy" during his transfer; that prison officials at the Atlanta facility violated his Eighth Amendment rights in light of conditions in segregated confinement; and that officials at the Atlanta facility violated his First Amendment rights by intercepting legal mail. These contentions lack merit.
 
 
 7
 Prior to dismissal, a pro se litigant must be provided with a statement of the deficiencies of the complaint and granted leave to amend unless it is apparent that amendment would be futile. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1986). Because Heim had an opportunity to clarify his contentions in his supplemental complaint and his response to defendants' motion to dismiss, we conclude that the district court did not err by dismissing Heim's complaint without granting leave to amend. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
 
 
 [2]
 Moreover, Heim does not have a constitutional right not to be transferred, Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam), or to retain a particular classification status, Moody v. Daggert, 429 U.S. 78, 88 n. 9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987)