87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dale Frank MAISANO, Plaintiff-Appellant,
v.
Angelo DANIELS, Warden; Chris Allen, CSO; J. Lang, Sgt.;
Sgt. Newbrough, Defendants-Appellees.
 No. 95-16998.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dale Frank Maisano appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994). We affirm in part, vacate in part, and remand.
 
 A. Maisano's Allegations
 
 3
 According to his complaint, Maisano was on his way to the prison law library on March 14, 1994 when Defendant Allen directed Maisano to return to his cell and shave. Maisano explained he could not shave due to a skin problem. He showed Allen a shaving waiver (permitting him to maintain a beard not to exceed one-eighth an inch) which had expired on March 5, 1994 and explained he was waiting for a renewal. Allen cited Maisano for failing to comply with the prison's grooming policy (noting that his beard was approximately one inch in length) and confiscated the expired shaving waiver as well as another expired medical form which Maisano claims he needed for a different legal action. Later, Defendant Daniels allegedly prevented Maisano from submitting a grievance concerning the incident. Defendants purportedly denied Maisano due process by holding a hearing beyond the prescribed time period, denying Maisano the opportunity to present witnesses, and relying on the statements of one officer. Maisano was sanctioned with a thirty-day loss of privileges (including use of the yard, exercise equipment, appliances, phone, activity room, regular library, and visits). Maisano alleged he was cited and sanctioned in retaliation for his legal filings.[1] Maisano further alleged that despite his skin condition Defendants have not renewed his shaving waiver.
 
 B. District Court Proceedings
 
 4
 After Defendants moved to dismiss Maisano's complaint for failure to state a claim, Maisano filed a response as ordered by the district court. The district court found that Maisano attempted to raise new claims in his response but had failed to address the motion to dismiss. After noting that Maisano could raise his new claims in a separate action, the district court dismissed Maisano's complaint for failure to state a claim. The district court neither informed Maisano of the deficiencies of his complaint nor granted him leave to amend.
 
 C. Analysis
 
 5
 Unless it is absolutely clear that a complaint's deficiencies cannot be cured, a district court must inform a pro se plaintiff of the deficiencies of his complaint and give him an opportunity to amend before dismissal. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 6
 Apart from a retaliation claim which we address separately, Maisano's allegation that Defendant Allen cited him for violating the prison's grooming policy fails to state any constitutional claim. Accordingly, the district court properly dismissed this aspect of Maisano's cause of action against Allen. See Noll, 809 F.2d at 1448.
 
 
 7
 Maisano alleged that Defendant Allen confiscated an expired medical form which Maisano needed for another legal action. Were Maisano to allege specific facts showing how the confiscated document prevented him from establishing a material allegation in his other legal action, Maisano may be able to state a claim for denial of his right of access to the courts. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Consequently, the district court should not have dismissed this aspect of Maisano's complaint without first giving Maisano an opportunity to show a "specific instance" in which he was "actually denied" access to the courts due to the confiscation of this document. See id.
 
 
 8
 Maisano alleges that Defendant Daniels prevented him from filing a grievance. Because there is no constitutional right to a prison grievance procedure, Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988), we affirm the district court's dismissal of this claim, see Noll, 809 F.2d at 1448. We also note that this claim is refuted by an exhibit attached to Maisano's complaint. That document shows that Daniels returned Maisano's grievance but instructed him to resubmit it in clear, plain language.
 
 
 9
 Maisano's allegations that he was denied due process because Defendants conducted a hearing outside the time prescribed, denied him an opportunity to present witnesses, and relied on the statements of one officer fail to state a constitutional claim. See Sandin v. Conner, 115 S.Ct. 2293, 2300-2302 (1995) (prisoner has no federal or state protected liberty interest in due process when the sanction imposed neither extends the length of his sentence nor is "atypical and significant" in relation to the ordinary incidents of prison life); cf. Keenan v. Hall, No. 94-35726, slip op. 5571, 5577-78 (9th Cir. May 8, 1996) (a sanction may be atypical and significant if it violates the Eighth Amendment or "works a major disruption" in the prisoner's environment). Because Maisano was sanctioned with loss of privileges for thirty days, he had no protected liberty interest in due process. See Keenan, No. 94-35726, slip op. at 5577-78 (noting that the Supreme Court held in Sandin that prisoner had no protected liberty interest when sanctioned with thirty-days in disciplinary segregation). Consequently, we affirm the district court's dismissal of Maisano's due process claims. See Noll, 809 F.2d at 1448.
 
 
 10
 Relying on Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985), the district court dismissed Maisano's retaliation claim on the ground that Maisano had never asserted that Defendants lacked any legitimate penological purpose for disciplining him for violating the prison's grooming rules. It is not absolutely clear that Maisano could not amend his complaint to state a claim for retaliation. See Rizzo, 778 F.2d at 532 (prison's action must be narrowly tailored to advance legitimate penological purpose). Consequently, the district court erred when it dismissed Maisano's retaliation claim without granting him leave to amend. See Noll, 809 F.2d at 1448.
 
 
 11
 The district court also erred when it dismissed Maisano's claim that Defendants violated his constitutional rights by refusing to renew his shaving waiver. It is not absolutely clear that Maisano could not amend his complaint to state a claim for deliberate indifference to a serious medical need, see Estelle v. Gamble, 429 U.S. 97, 105 (1976), and/or a claim for retaliation, see Rizzo, 778 F.2d at 532 (prison's action must be narrowly tailored to serve legitimate penological purpose). Maisano of course must allege specific facts which would show that the named Defendants caused his shaving waiver not to be renewed. See Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir.1988).
 
 
 12
 The district court did not err when it refused to consider additional claims which Maisano raised in his opposition to the motion to dismiss. See Fed.R.Civ.P. 15(a) (after a responsive pleading is served, a party may amend his complaint only by leave of court).
 
 
 13
 In sum, we affirm the district court's dismissal of the following claims: (1) Defendant Allen, apart from any retaliation claim, violated Maisano's constitutional rights by citing him for violating the prison's grooming policy; (2) Defendant Daniels prevented Maisano from filing a grievance; and (3) Defendants denied Maisano procedural due process in connection with his disciplinary hearing.
 
 
 14
 We vacate the district court's dismissal of the following claims: (1) Defendants denied Maisano access to the courts when they confiscated expired medical forms; (2) Defendants cited and sanctioned Maisano for violating the prison's grooming rules in retaliation for his legal filings; (3) Defendants failed to renew Maisano's shaving waiver in retaliation for his legal filings; and (4) Defendants were deliberately indifferent to a serious medical need when they refused to renew Maisano's shaving waiver.
 
 
 15
 AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this disposition. The parties shall bear their own costs on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As of July 23, 1992, the District Court of Arizona had received thirty-six complaints from Maisano, at least seven of which were dismissed for failure to state a non-frivolous claim