127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark NEWMAN, Plaintiff-Appellant,
v.
OREGON DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 No. 96-36280.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997.**
Decided October 24, 1997.
 
 Appeal from the United States District Court for the District of Oregon MICHAEL R. HOGAN, Chief District Judge, Presiding.
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oregon state prisoner Mark Newman appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal without prejudice of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for further proceedings.
 
 
 3
 We review a § 1915(d) dismissal for abuse of discretion.[1] See Trimble v. City of Santa Rosa, 49 F.3d § 83, 584 (9th Cir.1995) per curiam) (citing Denton v. Hernandez, 504 U.S. 25, 31-33 (1992))
 
 
 4
 Newman contends that the district court abused its discretion by dismissing his complaint as frivolous without giving him the opportunity to amend.[2] We agree.
 
 
 5
 The district court may dismiss an in forma pauperis complaint pursuant to 28 U.S.C. § 1915(d) if it is frivolous. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989). Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995) (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987)); see also Fed.R.Civ.P. 15(a) (a party may amend its pleading once as a matter of course at any time).
 
 
 6
 Here, Newman's complaint alleged that defendant Oregon Department of Corrections improperly failed to provide him with Jewish literature in the prison Library. While the district court correctly informed Newman that his complaint named an improper defendant, Newman was not given any opportunity to amend his complaint prior to dismissal of the action. Therefore, the district court abused its discretion because it is not clear that no amendment could cure the defects in Newman's complaint. See Cato, 70 F.3d at 1106.
 
 
 7
 Accordingly, we vacate and remand the action to the district court so that Newman can be given an opportunity to amend his complaint. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 VACATED and REMANDED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The former section 1915(d) was redesignated 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-135, 110 Stat. 1321 (1996). The portion of section 1915(d) that allowed district courts to dismiss frivolous in forma pauperis complaints is now codified at 28 U.S.C, § 1915(e)(2)(B)(i)
 
 
 [2]
 Newman also contends that the district court should have liberally construed his complaint to be an action under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1 to -2 ("RFRA"). We need not address this contention since the Supreme Court has held RFRA to be unconstitutional. See City of Boerne v. Flores, 117 S.Ct. 2157 (1997)
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)