Sergey SPITSYN, Plaintiff—Appellant,

v.

Richard MORGAN; et al., Defendants—Appellees.

No. 04–35979.

D.C. No. CV–04–05134–FDB.

United States Court of Appeals, Ninth Circuit.

** The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

Submitted Dec. 5, 2005.*

Decided Dec. 21, 2005.

Sergey Spitsyn, Walla Walla, WA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian G. Maxey, Esq., Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Sergey Spitsyn, a Washington state prisoner, appeals pro se the district court's judgment on the pleadings dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by withholding his mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir.1999), and we vacate and remand.

"A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Id.;* Fed. R.Civ.P. 12(c). Before entering judgment based on an inadequate pro se complaint, a district court should briefly explain the deficiencies of the complaint to the pro se litigant and provide leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *See Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987).

 We conclude that the district court erred in granting judgment on the pleadings because restrictions on prisoners' mail may implicate the First Amendment in the absence of a reasonable rela-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tionship to legitimate penological interests. *See Crofton v. Roe,* 170 F.3d 957, 959 (9th Cir.1999). Such interests have merely been asserted here as affirmative defenses in defendants' answer, and any deficiencies in Spitsyn's pleading may be cured by amendment. We therefore vacate and remand so that Spitsyn may file an amended complaint that properly identifies the persons and policies he alleges interfered with his constitutional rights. We note that the simplified pleading standard of Fed. R.Civ.P. 8(a) applies to this action. *See Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

The district court did not abuse its discretion in denying Spitsyn's Fed.R.Civ.P. 11 motion and his request that the court facilitate his access to the legal help of a fellow prisoner.

We deny Spitsyn's motion for a restraining order, without prejudice to his inclusion of retaliation claims in his amended complaint.

Costs on appeal are awarded to Spitsyn.

VACATED and REMANDED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.