**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAY LYNN DANA, FKA Larry Dana, | No. 23-35047 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00298-DCN |
| v. | |
| IDAHO DEPARTMENT OF CORRECTIONS; JOSH TEWALT; BREE DERRICK; AL RAMIREZ, Warden; RANDY VALLEY; JAY CHRISTENSEN; DAVE DIETZ; TIM MCKAY; MORGAN HAHN; WALTER CAMPBELL; RONA SIEGERT; ELIZABETH ADKISSON; EVANCHO, C.O.; LAURA WATSON; KRINA STEWART; JANELL CLEMENT; BRYAN GIMMESON; JEREMY CLARK; JOSIE BOGGS; CHRIS BENNETT; AMBER MICKELSON; TAYLOR, C.O.; BREONNA KRAFFT; CORIZON, INC.; ADREA NICODEMUS; SCOTT ELIASON, M.D.; KAYLENE HARTT; STEVEN MENARD, M.D.; IDA LE; NICK WISE; GRANT ROBERTS; EMMA HARTT; SAMUEL PIERSON, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted May 10, 2024
Seattle, Washington

Before:  MURGUIA, Chief Judge, and W. FLETCHER and OWENS, Circuit Judges.

Plaintiff Kay Lynn Dana ("Dana") appeals the district court's dismissal of her 42 U.S.C. § 1983 suit alleging that the defendants failed to treat her gender dysphoria ("GD") during her incarceration at an Idaho state prison.  The district court dismissed Dana's suit with prejudice under Federal Rule of Civil Procedure 12(b)(6) because, although Dana was twice permitted to amend her complaint, she continued to use impermissible "group pleading," categorizing the thirty-six individual defendants into broad groups and failing to plausibly allege how any particular defendant's behavior was unlawful.  We review de novo the district court's decision on a motion to dismiss.  *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

1.  We affirm the district court's dismissal of all claims against all defendants based on the complaint's "absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  A complaint "does not require 'detailed factual allegations,'" but it must plead enough "factual content that allows the court to

2

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Dana's first and third claims, alleging primarily Eighth Amendment deliberate indifference based on the long delay in her receiving a GD diagnosis, fail because Dana does not plausibly allege that any defendant acted with subjective indifference. A plaintiff alleging inadequate medical care can establish deliberate indifference by showing the course of treatment the defendant chose was both "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to the plaintiff's health." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (per curiam) (quoting *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016)). Dana does not plausibly allege that—of the twenty-one defendants named in claim one and three who remain on appeal—any defendant knew of the severity of her circumstances and consciously disregarded that known excessive risk to her health. Several defendants, such as psych tech Kaylene Hartt, allegedly attended a single treatment meeting. Other defendants, such as clinician Josie Boggs, were allegedly unqualified to assess gender dysphoria. Dana does not plausibly allege sufficient facts to infer that any of the defendants *consciously* disregarded an excessive risk to her health.

Dana's second claim, alleging Eighth Amendment excessive force against

custodial staff, fails for similar reasons. An excessive force claim requires alleging that the defendant had a "sufficiently culpable state of mind," which turns on whether force was applied in good faith or "maliciously and sadistically for the very purpose of causing harm." *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)). Dana's allegation that the custodial defendants acted with "malicious and sadistic force" is a "formulaic recitation of the elements," *Twombly*, 550 U.S. at 555, without the necessary plausible supporting facts.

Dana's fourth and fifth claims, alleging Fourteenth Amendment equal protection violations, fail because Dana does not plausibly allege that any defendant purposefully discriminated against her. To state an equal protection claim, a plaintiff must allege that the defendant "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). But Dana does not plausibly allege facts indicating that the defendants who attended one or more treatment meetings were purposefully discriminating against her on the bases she identifies. And for the defendants who were allegedly more involved in the delay in diagnosing Dana with GD or for the custodial defendants, Dana does not allege

how their actions evinced an intent to discriminate against her on the specified bases.

We therefore affirm the district court's dismissal of all claims against all defendants.

2.  We affirm the district court's denial of leave to amend with respect to all claims and defendants, except as to claim one against Dr. Walter Campbell.  At oral argument, the defendants conceded that when it came to diagnosing Dana with GD, Dr. Campbell was the "final decision-maker."  This concession about his exclusive decision-making authority, combined with Dana's other allegations about Dr. Campbell's knowledge, actions, and inactions between October 2018 and October 2019, might be sufficient to plausibly allege an Eighth Amendment claim for failure to provide medical treatment.

We acknowledge that Dana has had multiple opportunities to cure the deficiencies in her complaint, and that each time she has exacerbated those deficiencies.  At the same time, in light of the defendants' significant concession regarding Dr. Campbell's authority and our case law's preference for decisions "on the merits, rather than on the pleadings or technicalities," *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)), we remand to allow one final opportunity for amendment. We reverse the district court's denial of leave to amend solely with respect to claim

5

one against Dr. Walter Campbell. In amending, Dana should be mindful that a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

Each party shall pay its own costs on appeal.

**AFFRIMED IN PART AND REVERSED AND REMANDED IN PART.**